UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JUL 18 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| ROARK & HARDEE L.P. d/b/a THE WAREHOUSE SALOON AND BILLIARDS, BILL HARDEE, 219 L.P. d/b/a 219 WEST, PAUL SILVER, DEI GRATIA, INC. d/b/a THE ELYSIUM, JOHN WICKHAM, PUB DRAUGHT, INC. d/b/a LOVEJOYS TAP ROOM AND BREWERY, JOSEPH (CHIP) TAIT, BEERLAND, RANDALL STOCKTON, TENNIA B. BROWN d/b/a HORSESHOE LOUNGE, GMC INVESTMENT, INC. d/b/a EGO'S, CANARY ROOST, INC., CANARY HUT, INC., GAIL E. JOHNSON, SHEENA SEMMLER, JANET BUDMAN, KEEP AUSTIN FREE PAC, TONY SIRGO, and EDWARD CHECK<br><br>v.<br><br>CITY OF AUSTIN | §§§§§§§§§§§§§§§§§§§§§§ CASE NO. A 05 CA 837 SS |

### STIPULATED FACTS AND PROPOSED FINDINGS
### OF FACT AND CONCLUSIONS OF LAW

COMES NOW, the City of Austin and files its stipulated facts and proposed findings of fact and conclusions of law.

### I. STIPULATED FACTS

The City agrees to stipulate to the following facts:

1. The City interprets the smoking ordinance at issue in this lawsuit to apply to smoking, primarily of tobacco products, in public places.

2. The City interprets the term "necessary steps" to equate to "reasonable steps."

3. The City does not intend to and will not construe the ordinance to apply to candles, incense, wood or food preparation devices such as barbeque pits.

4. The City interprets "smoking" to mean the act of smoking by persons who inhale, exhale, burn, or carry lighted: tobacco or tobacco-like products, including illegal drugs such as marijuana and herb cigarettes that have traditionally been smoked by persons.

5. The term "smoking accessory" includes ash trays and other items regularly used in the act of smoking, such as pipes, hookahs or items that effectively become ashtrays through their regular use during the act of smoking by persons. The City does not interpret matches in a person's pocket or unlit pipes in a person's pocket to constitute a "smoking accessory" under the ordinance.

## II. FINDINGS OF FACT

The City requests that the Court make the following findings of fact:

1. The City of Austin has issued the following enforcement guidelines for owners and operators of bars and restaurants and other public place in enforcing the smoking ordinance: (1) Post no-smoking signs and remove all ashtrays; (2) verbally ask a person who is smoking to extinguish the cigarette, cigar, smoking apparatus, etc. (sign interpretation or in written form for the hearing impaired); (3) refuse service to a person who is smoking; (4) verbally ask anyone smoking to leave the premises (sign interpretation or in written form for the hearing impaired); and (5) apply standard business procedures in the same manner for violations of house rules or local ordinances or state laws.

2. The City of Austin's Health and Human Services personnel issue three notices of violation against the owner or operator of an establishment prior to filing a criminal complaint.

3. The City of Austin's Health and Human Services personnel communicates to owners or operators of an establishment how to comply with the ordinance prior to filing a criminal complaint against an owner or operator of the establishment.

4. Plaintiffs have failed to show the ordinance is unconstitutionally vague.

5. Plaintiffs have failed to show an injury in fact, and therefore, their remaining claims are not ripe for review.

6. Plaintiffs have failed to show irreparable harm.

7. Plaintiffs have failed to show that any injury to them outweighs the injury to the City of enjoining the ordinance.

8. Plaintiffs have failed to show that the public interest would not be disserved by the relief sought.

9. Plaintiffs have failed to show that the ordinance violates the Free Exercise Clause of the U.S. Constitution or the Freedom of Worship Clause of the Texas Constitution.

10. Plaintiffs have failed to show that the ordinance violates the Religious Land use and institutionalized Persons Act or the Texas Religious Freedom Restoration Act.

11. Plaintiffs have failed to show that the ordinance is specifically addressed to speech or conduct necessarily associated with speech.

12. Plaintiffs have failed to submit evidence that would constitute a taking under the Takings clauses of the U.S. or Texas constitutions.

13. There is no evidence to support plaintiffs' claim of selective enforcement.

14. There is no evidence that the City has failed to allege or prove a culpable mental state in regard to prosecutions of the smoking ordinance.

15. Plaintiffs have made no showing that would entitle them to declaratory relief.

16. There is no evidence of any threatened enforcement against Plaintiff Tony Sirgo.

17. Any evidence offered by plaintiffs in regard to the establishments known as Rackdaddy's or Mickey's Thirsty I Lounge relate to notices of violation that are the subject of a final judgment in municipal court, which was predicated by entry of a plea by the owner/operator defendant of the establishment.

18. Plaintiff, Keep Austin Free, failed to submit responses to defendant's interrogatories and requests for production.

## CONCLUSIONS OF LAW

The City requests that the Court make the following conclusions of law.

1. The last sentence of section 10-6-11(A), which dispenses with a culpable mental state, conflicts with Texas Penal Code section 6.02(f) and, therefore, the Court strikes that sentence from the ordinance. Because of the severability clauses in the City Charter and the Austin City Code, the remainder of the ordinance remains in effect.

2. After striking of the last sentence of section 10-6-11(A), the ordinance by its terms prescribe no culpable mental state. Pursuant to section 6.02(b) of the Texas Penal Code, because the ordinance fails to prescribe a culpable mental state, a culpable mental state of intent, knowledge, or recklessness is required for criminal prosecution of the ordinance against owners and operators.

3

3. The Court permanently enjoins the City of Austin from suspending or revoking any city permits or licenses pursuant to section 10-6-11(B) of the ordinance unless and until the City adopts procedures ensuring an expeditious judicial review of any suspension or revocation performed pursuant to this provision of the ordinance.

4. The ordinance is not unconstitutionally vague on its face because it is not so indefinite that it fails to give fair notice as to what conduct is prohibited or lacks explicit standards for enforcement.

5. The ordinance is not unconstitutionally overbroad.

6. The Court has considered interpretations offered by the City and its enforcing departments in evaluating the ordinance for vagueness, and finds the City's interpretation of the ordinance and enforcement procedures to be reasonable.

7. The ordinance terms, including "smoking," "smoking accessory," and "necessary steps" are not unconstitutionally vague.

8. The ordinance does not violate the Equal Protection clause of the U.S. Constitution.

9. The ordinance does not violate the Takings Clause of the U.S. or Texas constitutions.

10. The ordinance is not preempted by state law.

11. The ordinance does not violate the City Charter.

12. Because plaintiffs have failed to show an injury in fact, their request for injunctive and declaratory relief are not ripe for review.

13. Plaintiffs have failed to show irreparable harm and therefore, they are not entitled to injunctive relief.

14. Plaintiffs have failed to show irreparable harm.

15. The court finds no basis for declaratory relief sought by plaintiffs. The term, "public place" in the ordinance applies to plaintiffs' establishments.

16. The Court declines to provide an advisory opinion to plaintiffs in regard to whether the ordinance applies to "private clubs" as plaintiffs lack standing to raise this issue.

17. Plaintiffs' attempt to challenge the ordinance as applied to the individual plaintiffs and witnesses is a request for an advisory opinion that is not within this Court's jurisdiction.

18. To the extent plaintiffs attempt to challenge the city's enforcement against the owners or operators of Rackdaddy's or Mickey's Thirsty I Lounge, same is an improper attempt to collaterally attack a judgment.

19. Plaintiff Sirgo lacks standing to bring his claims.

20. Plaintiff Edward Check's claims are not ripe for review.

The City incorporates herein any conclusions of law that would reasonably be based on any prior motions or briefing submitted by the court in this cause and reserves the right to supplement its request for conclusions of law based on same.

WHEREFORE, PREMISES CONSIDERED, the City requests that the Court grant its motion to dismiss and motions for summary judgment and require that plaintiff pay the City's court costs and, if appropriate, its attorney fees in defending against unfounded arguments or claims of plaintiffs.

RESPECTFULLY SUBMITTED,

DAVID ALLAN SMITH
CITY ATTORNEY

LYNN E. CARTER
Assistant City Attorney
State Bar No. 03925990
City of Austin Law Department
Post Office Box 1546
Austin, Texas 78767-1546
(512) 974-2310
(512) 974-6490 [FAX]

ATTORNEYS FOR DEFENDANT

5

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing on all parties, or their attorneys of record, in compliance with the Federal Rules of Civil Procedure, this 15th day of July, 2006.

**(Via Facsimile (512) 469-7480)**
Marc A. Levin
Potts & Reilly, L.L.P.
401 West 15th Street, Suite 850
Austin, Texas 78701

                                                LYNN E. CARTER

L:\Litigation\CL\General Litigation\Roark & Hardee, L.P\Pleadings\Proposed FF and Conclusions of Law.doc

6